IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| RONALD G. WINBIGLER and )<br>SECOND AMENDMENT FOUNDATION, INC., )<br>)<br>Plaintiffs, )<br>v. )<br>)<br>WARREN COUNTY HOUSING AUTHORITY )<br>and TERESA GREENSTREET, in her official )<br>capacity as Executive Director of the Warren )<br>County Housing Authority, )<br>)<br>Defendants. ) | Case No. |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiffs, RONALD G. WINBIGLER and SECOND AMENDMENT FOUNDATION, INC. ("SAF"), by and through LAW FIRM OF DAVID G. SIGALE, P.C., their attorney, and for their Complaint For Declaratory and Injunctive Relief against the Defendants, WARREN COUNTY HOUSING AUTHORITY ("WCHA") and TERESA GREENSTREET, as Executive Director of the Warren County Housing Authority ("GREENSTREET"), assert the following:

### NATURE OF ACTION

1.      This is an action pursuant to 42 U.S.C. § 1983, which seeks equitable, declaratory, and injunctive relief challenging the Warren County Housing Authority's ban on persons residing in government subsidized housing from possessing a firearm in their residences.

## PARTIES

1. Plaintiff RONALD G. WINBIGLER is a resident of Costello Terrace, a public housing facility in Monmouth, Illinois, administered by the Warren County Housing Authority. He is a former police officer who, due to health issues, became physically disabled and in need of governmental assistance in the form of subsidized housing. While a police officer, he consistently trained and re-qualified in the safe use of firearms. He wishes to possess a handgun in his residence for self-defense, but has been forced to refrain from doing so due to the threat of losing his subsidized housing, and the refusal of the Defendants to fix his residence should he possess a firearm. At the present time, he resides alone in his residence.

2. SAF is a non-profit membership organization incorporated under the laws of Washington with its principal place of business in Bellevue, Washington. SAF's membership includes persons residing in Monmouth, Illinois. SAF has over 650,000 members and supporters nationwide. The purposes of SAF include education, research, publishing and legal action focusing on the Constitutional right privately to own and possess firearms. SAF brings this action on behalf of itself and its members.

3. WCHA is a public entity of the State of Illinois created pursuant to the Housing Authorities Act (310 ILCS 10/1, *et seq.*). It is ". . . a municipal corporation and shall constitute a body both corporate and politic, exercising public and essential governmental functions, and having all the powers necessary or convenient to carry out and effectuate the purposes and provisions of this [Housing

Authorities] Act." Its administrative office is located at 200 East Harlem Avenue, Monmouth, IL 61462.

4. GREENSTREET is the Executive Director of the WCHA. Upon information and belief, GREENSTREET is responsible for overseeing enforcement of WCHA policies, and is sued in her individual and official capacities.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343, 2201 and 2202, and also pursuant to 42 U.S.C. §§ 1981(a) and 1983.

6. Venue lies in this district pursuant to 28 U.S.C. § 1391.

## BACKGROUND

7. On or about April 15, 2011, WINBIGLER entered a lease agreement with the WCHA.

8. Section 5(h) of the WCHA lease, entitled "OCCUPANCY," requires that WINBIGLER and his household members and guests not "discharge or use firearms…."

9. Section 18 of the WCHA lease, entitled "LEASE TERMINATION BY LANDLORD," states that WCHA may terminate the Lease for ". . . serious or repeated violations of material terms of the Lease on the part of the Resident, all

members of the Resident's household and all visitors/guests of the Resident such as the following:

. . .

>    p. "Offensive weapons or illegal drugs seized in the Landlord's unit by a law enforcement officer or to permit any member of the household, a guest, or another person under the Resident's control to use, possess, or have control over firearms (this includes keeping firearms on one's body, in the dwelling unit, or in a vehicle which the Resident or a member of the Resident's household as [sic] the use of or access to. Firearms are defined as any device which will propel a projectile with sufficient force to injure, kill, or damage property regardless of whether it does so with an explosive charge, compressed gas, or by other means);

10. WINBIGLER has kept, is keeping and/or desires to keep a firearm in his home for personal protection.

11. Section 5(h) prevents WINBIGLER from keeping a firearm in his home, while Section 18(p) states that WINBIGLER can have his Lease terminated for possessing a firearm for self-defense.

12. WCHA and GREENSTREET have threatened WINBIGLER that his Lease will not be renewed on or about April 15, 2012, unless he verifies he does not possess a firearm in his residence.

13. WCHA and GREENSTREET have refused to provide maintenance to WINBIGLER's residence unless he verifies he does not possess a firearm in his residence. Recently, the Defendants refused to fix WINBIGLER's toilet seat unless

they received such verification.  This was degrading and humiliating, in addition to being a deprivation of WINBIGLER's constitutional rights as described herein.

14. When WINBIGLER protested, he was told by WCHA that the building is safe, and therefore he does not need a firearm.

15. WINBIGLER is a responsible law abiding adult who is qualified to own firearms in his home for lawful self-defense and other lawful purposes. But for the Lease provisions, and the threats of non-renewal and non-maintenance, he and SAF's members in WCHA housing would forthwith lawfully possess a firearm in their homes.

16. The above deprivation of the right to keep and bear arms, pursuant to, e.g., *District of Columbia v. Heller*, 127 S.Ct. 2873 (2008) and *McDonald v. City of Chicago*, 130 S.Ct. 3020 (2010), applies only to low income persons who reside in public housing, a type of government housing.  Wealthier persons who can afford to live in private housing are not deprived of this right.

### COUNT I – VIOLATION OF RIGHT TO KEEP AND BEAR FIREARMS (U.S. CONST. AMENDS. II AND XIV; 42 U.S.C. § 1983)

17. Plaintiffs incorporate by reference the allegations contained in the foregoing paragraphs 1 through 16 of this Complaint as if set forth in full herein.

18. The Second Amendment to the Constitution of the United States provides: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed."

19. The Fourteenth Amendment to the Constitution of the United States provides in pertinent part: "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

20. The Second Amendment is applicable to States through the Fourteenth Amendment. *See McDonald v. City of Chicago*, 130 S.Ct. 3020 (2010).

21. The Defendants' actions, which deny lawful persons Second Amendment rights due to their financial disadvantage and circumstances of residing in government housing, on their face and as applied, violate WINBIGLER's and SAF's members' individual rights to possess a handgun as secured by the Second Amendment to the United States Constitution.

22. Plaintiffs have no adequate remedy at law and seek injunctive and declaratory relief for the deprivation of their Second and Fourteenth Amendment rights.

23. A controversy exists as to whether the firearms ban in government subsidized housing is unconstitutional.

24. A declaration from this Court would settle this issue.

25. A declaration would also serve a useful purpose in clarifying the legal issues in dispute.

26. Plaintiffs seek a declaration that the ban on home firearm possession by lawful persons residing in government subsidized housing is unconstitutional.

27. Additionally, Plaintiffs would continue to suffer irreparable injury if the Court does not issue an injunction.

28. There is no adequate remedy at law because only an injunction, as opposed to monetary damages, would allow WINBIGLER, and SAF's members residing in government subsidized housing in Warren County, Illinois, the opportunity to possess a firearm for lawful purposes in their residences.

29. The irreparable harm to Plaintiffs outweighs any potential harm, if any, to Defendants caused by granting the injunctive relief.

30. Enjoining Defendants from enforcing the lease provisions prohibiting lawful possession of firearms serves the public interest because the lease provisions violate constitutional rights.

WHEREFORE, Plaintiffs, RONALD G. WINBIGLER and SECOND AMENDMENT FOUNDATION, INC., requests the following relief:

1. That this Court render a declaratory judgment that Defendants' attempt to enforce the lease provisions prohibiting lawful possession of firearms violates the Second and Fourteenth Amendments to the United States Constitution;

2. That this Court issue a Preliminary and Permanent Injunction enjoining and restraining Defendants from enforcing the lease provisions prohibiting lawful possession of firearms;

3. Award Plaintiff relief as provided by statute and common law;

4.  Award Plaintiffs attorney's fees and costs pursuant to 42 U.S.C. § 1988 and any other pertinent provision of law.

5.  Grant such other and further relief, in law and equity, as the Court deems just and proper.


Dated:  April 3, 2012             Respectfully submitted,

David G. Sigale, Esq. (#6238103 (IL))
LAW FIRM OF DAVID G. SIGALE, P.C.
739 Roosevelt Road, Suite 304
Glen Ellyn, IL 60137
630.452.4547
dsigale@sigalelaw.com

By:   /s/ David G. Sigale
         David G. Sigale

Attorney for Plaintiffs