E-FILED
Tuesday, 29 May, 2012 02:43:37 PM
CLERK ANDREW AHRENS
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION**

| | |
|---|---|
| RONALD G. WINBIGLER and SECOND AMENDMENT FOUNDATION, INC., | |
| Plaintiffs, | Court No.  12 C 4032 |
| v. | Judge Darrow |
| | Magistrate Judge Gorman |
| WARREN COUNTY HOUSING AUTHORITY and TERESA GREENSTREET, as Executive Director, | **JURY TRIAL DEMANDED** |
| Defendants. | |

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S
COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF**

NOW COME Defendants, WARREN COUNTY HOUSING AUTHORITY (hereinafter "WCHA") and TERESA GREENSTREET, by their attorneys, Lori A. Vanderlaan, Allie M. Burnet and Carrie Linden  of Best, Vanderlaan & Harrington, and for their Answer and Affirmative Defenses to Plaintiff's Complaint for Declaratory Judgment and Injunctive Relief , state as follows:

**NATURE OF ACTION**

1.  This is an action pursuant to 42 U.S.C. §1983, which seeks equitable declaratory, and injunctive relief challenging the Warren County Housing Authority's ban on persons residing in government subsidized housing from possessing a firearm in their residences.

**ANSWER:    Defendants admit that Plaintiffs have filed their action on the aforesaid basis,
but deny that Plaintiffs are entitled to any relief whatsoever under their
Complaint.**

**PARTIES**

1.  Plaintiff RONALD G. WINBIGLER is a resident of Costello Terrace, a public

housing facility in Monmouth, Illinois, administered by the Warren County Housing

Authority. He is a former police officer who, due to health issues, became physically disabled

and in need of governmental assistance in the form of subsidized housing. While a police officer,

he consistently trained and re-qualified in the safe use of firearms. He wishes to possess a

handgun in his residence for self-defense, but has been forced to refrain from doing so due to the

threat of losing his subsidized housing, and the refusal of the Defendants to fix his residence

should he possess a firearm. At the present time, he resides alone in his residence.

**ANSWER:** **Defendants admit that Plaintiff Winbigler is a resident of Costello Terrace, and that said property is a public housing facility located in Monmouth, Illinois, and managed by Warren County Housing Authority. Defendants further admit that he is a former police officer and lives alone in his residence at the present time, but denies the remaining allegations of paragraph 1.**

2.   SAF is a non-profit membership organization incorporated under the laws of

Washington with its principal place of business in Bellevue, Washington. SAF's membership

includes persons residing in Monmouth, Illinois. SAF has over 650,000 members and supporters

nationwide. The purposes of SAF include education, research, publishing and legal action

focusing on the Constitutional right privately to own and possess firearms. SAF brings this

action on behalf of itself and its members.

**ANSWER:** **Defendants admit that SAF is incorporated under the laws of Washington, with its principal place of business in Belleveue, Washington, but has insufficient information with which to respond to the remaining allegations of paragraph 2, and therefore deny the same.**

3.   WCHA is a public entity of the State of Illinois created pursuant to the Housing

Authorities Act (310 ILCS 10/1, et seq.). It is "a municipal corporation and shall constitute a

body both corporate and politic, exercising public and essential governmental functions, and

having all the powers necessary or convenient to carry out and effectuate the purposes and

provisions of this [Housing Authorities] Act." Its administrative office is located at 200 East

Harlem Avenue, Monmouth, IL 61462.

**ANSWER:** **Defendants admit that it is a public entity in the State of Illinois, created pursuant to the Housing Authorities Act, and further state that the aforesaid Act speaks for itself. Defendants admit that its administrative office is located at the aforesaid address.**

4. GREENSTREET is the Executive Director of the WCHA. Upon information and

belief, GREENSTREET is responsible for overseeing enforcement of WCHA policies, and is

sued in her individual and official capacities.

**ANSWER:** **Defendants admit that Greenstreet is the Executive Director of WCHA, and that she is responsible for overseeing enforcement of WCHA in her official capacity. Defendants deny the remaining allegations of paragraph 4.**

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C.

§§1331, 1343, 2201, and 2202, and also pursuant to 42 U.S.C. §§1981(a) and 1983.

**ANSWER:** **Defendants state that the allegations of paragraph 5 call for a legal conclusion, and therefore neither admit nor deny said allegations, but demand strict proof thereof.**

6. Venue lies in this district pursuant to 28 U.S.C. §1391.

**ANSWER:** **Defendants state that the allegations of paragraph 6 call for a legal conclusion, and therefore neither admit nor deny said allegations, but demand strict proof thereof.**

## BACKGROUND

7. On or about April 15, 2011, WINBIGLER entered a lease agreement with the

WCHA.

**ANSWER:** **Defendants admit the allegations of paragraph 7.**

8. Section 5(h) of the WCHA lease, entitled "OCCUPANCY," requires that

3

WINBIGLER and his household members and guests not "discharge or use firearms…"

**ANSWER:     Defendants state that the WCHA lease speaks for itself, and therefore makes no answer to the allegations of paragraph 8.**


9.   Section 18 of the WCHA lease, entitled "LEASE TERMINATION BY

LANDLORD," states that WCHA may terminate the Lease for "serious or repeated violations of

material terms of the Lease on the part of the Resident, all members of the Resident's household

and all visitors/guests of the Resident such as the following:

> p.     "Offensive weapons or illegal drugs seized in the
> Landlord's unit by a law enforcement officer or to
> Permit any member of the household, a guest, or
> Another person under the Resident's control to use,
> Possess, or have control over firearms (this includes
> Keeping firearms on one's body, in the dwelling unit,
> Or in a vehicle which the Resident or a member of the
> Resident's household has the use of or access to. Firearms
> Are defined as any device which will propel a projectile
> With sufficient force to injured, kill, or damage property
> Regardless of whether it does so with an explosive charge,
> Compressed gas, or by other means);

**ANSWER:     Defendants state that the WCHA lease speaks for itself, and therefore makes no answer to the allegations of paragraph 9.**

10. WINBIGLER has kept, is keeping and/or desires to keep a firearm in his home for

personal protection.

**ANSWER:     Defendants admit that Winbigler has kept a firearm in his home, but denies the remaining allegations of paragraph 10.**

11. Section 5(h) prevents WINBIGLER from keeping a firearm in his home, while

Section 18(p) states that WINBIGLER can have his lease terminated for possessing a firearm for

self-defense.

**ANSWER:     Defendants state that the WCHA lease speaks for itself, and that the allegations of paragraph 11 call for a legal conclusion,  and therefore makes no answer to the allegations of paragraph 11.**

12. WCHA and GREENSTREET have threatened WINBIGLER that his Lease will not be renewed on or about April 15, 2012, unless he verifies he does not possess a firearm in his residence.

**ANSWER: Defendants deny the allegations of paragraph 12.**

13. WCHA and GREENSTREET have refused to provide maintenance to WINBIGLER's residence unless he verifies he does not possess a firearm in his residence. Recently, the Defendants refused to fix WINBIGLER's toilet seat unless they received such a verification. This was degrading and humiliating, in addition to being a deprivation of WINBIGLER's constitutional rights as described herein.

**ANSWER: Defendants deny the allegations of paragraph 13.**

14. When WINBIGLER protested, he was told by WCHA that he building is safe, and therefore he does not need a firearm.

**ANSWER: Defendants deny the allegations of paragraph 14.**

15. WINBIGLER is a responsible law abiding adult who is qualified to own firearms in his home for lawful self-defense and other lawful purposes. But for the Lease provisions, and the threats of non-renewal and non-maintenance, he and SAF's members in WCHA housing would forthwith lawfully possess a firearm in their homes.

**ANSWER: Defendants deny the allegations of paragraph 15.**

*16.* The above deprivation of the right to keep and bear arms, pursuant to , e.g. *District of Columbia v. Heller*, 127 S.Ct. 2873 (2008) and *McDonald v. City of Chicago*, 130 S.Ct. 3020 (2010), applies only to low income persons who reside in public housing, a type of government

housing. Wealthier persons who can afford to live in private housing are not deprived of this

right.

**ANSWER:    Defendants deny the allegations of paragraph 16.**

### COUNT I – VIOLATION OF RIGHT TO KEEP AND BEAR FIREARMS
### (U.S. CONST. AMENDS. II AND XIV; 42 U.S.C. §1983)

17. Plaintiffs incorporate by reference the allegations contained in the foregoing

paragraphs 1 through 16 of this Complaint as if set forth in full herein.

**ANSWER:    Defendants incorporate by reference their answers contained in the
foregoing paragraphs  1 through 16 of this Complaint, as though  set forth
fully herein, as their answer to paragraph 17.**

18. The Second Amendment of the Constitution of the United States provides: "A well

regulated Militia, being necessary to the security of a free State, the right of the people to keep

and bear Arms, shall not be infringed."

**ANSWER:    Defendants state that the aforesaid provision speaks for itself, and therefore
makes no answer to the allegations of paragraph 18.**

19. The Fourteenth Amendment to the Constitution of the United States provides in

pertinent part: "No State shall make or enforce any law which shall abridge the privileges or

immunities of citizens of the United States; nor shall any State deprive any person or life, liberty,

or property, without due process of law; nor deny to any person within its jurisdiction the equal

protection of the laws."

**ANSWER:    Defendants state that the aforesaid provision speaks for itself, and therefore
makes no answer to the allegations of paragraph 19.**

20. The Second Amendment is applicable to States through the Fourteenth Amendment.

*See McDonald v. City of Chicago,* 130 S.Ct. 3020 (2010).

**ANSWER:    Defendants state that the aforesaid case speaks for itself, and therefore
makes no answer to the allegations of paragraph 20.**

21. The Defendants' actions, which deny lawful persons Second Amendment rights due to their financial disadvantage and circumstances of residing in government housing, on their face and as applied, violate WINBIGLER's and SAF's members' individual rights to possess a handgun as secured by the Second Amendment of the United States Constitution.

**ANSWER:     Defendants deny the allegations of paragraph 21.**

22. Plaintiffs have no adequate remedy at law and seek injunctive and declaratory relief for the deprivation of their Second and Fourteenth Amendment rights.

**ANSWER:     Defendants deny the allegations of paragraph 22.**

23. A controversy exists as to whether the firearms ban in government subsidized housing is unconstitutional.

**ANSWER:     Defendants deny the allegations of paragraph 23.**

24. A declaration from this Court would settle this issue.

**ANSWER:     Defendants deny the allegations of paragraph 24.**

25. A declaration would also serve a useful purpose in clarifying the legal issues in dispute.

**ANSWER:     Defendants deny the allegations of paragraph 25.**

26. Plaintiffs seek a declaration that the ban on home firearm possession by lawful persons residing in government subsidized housing is unconstitutional.

**ANSWER:     Defendants deny the allegations of paragraph 26.**

27. Additional, Plaintiffs would continue to suffer irreparable injury if the Court does not issue an injunction.

**ANSWER:     Defendants deny the allegations of paragraph 27.**

28. There is no adequate remedy at law because only an injunction, as opposed to

monetary damages, would allow WINBIGLER, and SAF's members residing in government subsidized housing in Warren County, Illinois, the opportunity to possess a firearm for lawful purposes in their residences.

**ANSWER:     Defendants deny the allegations of paragraph 28.**

29. The irreparable harm to Plaintiffs outweighs any potential harm, if any, to Defendants caused by granting them injunctive relief.

**ANSWER:     Defendants deny the allegations of paragraph 29.**

30. Enjoining Defendants from enforcing the lease provisions prohibiting lawful possession of firearms serves the public interest because the lease provisions violate constitutional rights.

**ANSWER:     Defendants deny the allegations of paragraph 30.**

## JURY DEMAND

Defendants demand a trial by jury

WHEREFORE Defendants, WARREN COUNTY HOUSING AUTHORITY and TERESA GREENSTREET, pray that this Court enters judgment in its favor, and against Plaintiffs, RONALD WINBIGLER and SECOND AMENDMENT FOUNDATION, deny Plaintiffs any relief whatsoever under their Complaint, and for all other relief this Court deems juts and proper.

## AFFIRMATIVE DEFENSES

NOW COME Defendants, WARREN COUNTY HOUSING AUTHORITY and TERESA GREENSTREET, by their attorneys, Lori A. Vanderlaan, Allie M. Burnet, and Carrie Linden, of Best, Vanderlaan and Harrington, and for their Affirmative Defenses, pleading in the alternative and without any waiver or prejudice to its answers above, state as follows:

### First Affirmative Defense – Failure to State a Claim

Plaintiffs' Complaint fails to state any claim upon which relief can be granted.

### Second Affirmative Defense - Standing

Plaintiff,  Ronald Winbigler, lacks standing to bring his claim because he does not identify an injury in the Complaint.

### Third Affirmative Defense - Standing

Plaintiff, Second Amendment Foundation does not have standing to bring a claim under the Second Amendment because the Second Amendment confers only an individual right to possess firearms in the home for self-defense.

### Fourth Affirmative Defense – Strong Public Interest

Any restrictions imposed upon the right of any person living in WCHA's public housing are supported by an extreme public interest justification in the safety and protection of WCHA's residents, and are not more restrictive than necessary to meet said justification.

### Fifth Affirmative Defense – Qualified Immunity

Greenstreet  is entitled to qualified immunity. Greenstreet is a government official who performs discretionary functions. At all times material to the events alleged in Plaintiffs' complaint, a reasonable official objectively viewing the facts and circumstances at issue in Plaintiffs' complaint could have believed her actions to be lawful, in light of clearly established law and the information that Greenstreet possessed. Therefore, Greenstreet is entitled to qualified immunity as a matter of law.

### Sixth Affirmative Defense – Not a Qualified Individual

Plaintiff, Ronald Winbigler, is not a competent and responsible individual for purposes of owning and/or possessing a firearm, and is unqualified to own firearms in his home for any purpose, whether lawful or otherwise.

### Seventh Affirmative Defense  - Lease Provision Authorized by HUD

Defendant, Warren County Housing Authority, has the authority to develop and use its own lease, per the authority provided to it by the United States Department of Housing and Urban Development ("HUD"). Defendant is only prohibited from including those lease provisions set forth by 24 C.F.R. §966.6. Because the lease provision at issue does not violate 24 C.F.R. §966.6, the lease at issue herein is proper as a valid exercise of Defendant's authority under the HUD regulations.

WHEREFORE Defendants, WARREN COUNTY HOUSING AUTHORITY and TERESA GREENSTREET, pray that this Court enters judgment in its favor, and against Plaintiffs, RONALD WINBIGLER and SECOND AMENDMENT FOUNDATION, deny Plaintiffs any relief whatsoever under their Complaint, and for all other relief this Court deems just and proper.

Respectfully submitted,

**WARREN COUNTY HOUSING AUTHORITY and TERESA GREENSTREET**

By:      /s/ Lori A. Vanderlaan_____
         One of their attorneys

Lori Vanderlaan #6230432
Allie Burnet #6277204
Carrie Linden #6280477
**Best, Vanderlaan & Harrington**
25 E. Washington Street, Suite 210

Chicago, IL 60602
312-819-1100 (t)
312-819-8062 (f)

## **CERTIFICATE OF SERVICE**

I, the undersigned, state that I caused to be served on all attorneys of record the foregoing, with attachments and/or enclosures referred to therein, if any, by operation of the Court's electronic filing system, on the 29th day of May, 2012.

 /s/ Lori A. Vanderlaan_____