LAV/AMB/CL AHR-12812

E-FILED
Tuesday, 12 March, 2013 04:33:14 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| RONALD G. WINBIGLER and SECOND AMENDMENT FOUNDATION, INC., <br><br> Plaintiffs, <br> v. <br><br> WARREN COUNTY HOUSING AUTHORITY and TERESA GREENSTREET, as Executive Director, <br><br> Defendants. | Court No.  12 C 4032 <br><br> Judge Darrow <br> Magistrate Judge Gorman <br><br> **JURY TRIAL DEMANDED** |

### DEFENDANT WARREN COUNTY HOUSING AUTHORITY'S MEMORANDUM IN SUPPORT OF ENTRY OF JUDGMENT PURSUANT TO DEFENDANT'S RULE 68 OFFER OF JUDGMENT

NOW COMES Defendant, WARREN COUNTY HOUSING AUTHORITY (hereinafter "WCHA"), by its attorneys, Lori A. Vanderlaan, Allie M. Burnet and Carrie Linden  of Best, Vanderlaan & Harrington, and for its Memorandum in Support of Entry of Judgment Pursuant to Defendant's Rule 68 Offer of Judgment, states as follows:

### INTRODUCTION

Plaintiffs have filed the present lawsuit to obtain equitable, declaratory and injunctive relief from Defendants WCHA and its Executive Director, Teresa Greenstreet, as a result of a lease provisions previously in use by WCHA for its residential leases. (R.1). The provisions in question generally prohibited use, possession or control over firearms by WCHA's tenants, and made violation of such provision a basis for termination of housing benefits (as more specifically set forth in ¶¶8 and 9 of Plaintiffs' Complaint). (R.1) Plaintiffs' Complaint indicates that these provisions amount to a deprivation of residents' right to keep and bear firearms under the Second and Fourteenth Amendments to the Constitution of the United States. (R.1).

Thereafter, on November 2, 2012, Defendant WCHA served Plaintiffs with an Offer of Judgment, pursuant to Rule 68, which offered for judgment to be taken against WCHA as to all relief sought by Plaintiffs in their complaint. (R.12). Specifically, the Offer of Judgment allowed entry of a declaratory judgment that the lease provisions in question are unenforceable pursuant to the Second and Fourteenth Amendments, that WCHA is permanently enjoined from enforcing the provisions in question, and that said judgment would be enforceable only as to the lease provisions at issue in Plaintiffs' Complaint. (R.12). The offer also offered all reasonable attorneys' fees and costs incurred by Plantiffs through the November 2, 2012, date said offer was served on Plaintiffs' counsel. (R.12). After discussions clarifying the issues between Plaintiffs' counsel and counsel for Defendant WCHA, Plaintiffs accepted Defendant WCHA's Offer of Judgment on November 27, 2012. (R.12). Defendant filed the offer and notice of acceptance with this Court on November 28, 2012. (R.12).

On February 19, 2013, this Court held a hearing on the Offer of Judgment, wherein this Court indicated it had concerns about entering judgment on the terms specified in the offer, as this Court was not sure that entering the Offer of Judgment, as presented, was appropriate in light of the request for a declaratory judgment as to constitutionality of the lease provisions. Defendant WCHA did not find any case law directly on point where a court entered a declaratory judgment based on lack of constitutionality of a provision. Defendant also did not find any case law that would prohibit the court entering the offer of judgment based on such relief. However, the Seventh Circuit has concluded that nothing in Rule 68 forbids its use in cases of equity. *Chathas v. Local 134 IBEW*, 233 F.3d 508, 511(7th Cir. 2000). Nonetheless, for the reasons set forth below, this Court should enter judgment pursuant to the offer and acceptance, to the extent it deems appropriate.

### A. This Court Should Enter Judgment Because Doing So Would Support the Objective and Purpose of Rule 68

The Offer of Judgment should be entered as offered and accepted by Plaintiffs and Defendant WCHA, as doing so would support the objectives and purpose behind Rule 68. Rule 68 was designed to encourage settlement and avoid litigation. *Marek v. Chesny,* 473 U.S. 1, 5 (1985). Financial and judicial economy are at its core. *Id.* at 5. The intent of the rule is to encourage settlement by removing plaintiff's incentive to pursue a claim whose final probable outcome is not more favorable than defendant's offer. *Grosvenor v. Brienen,* 801 F.2d 944, 945 (7th Cir. 1986). Here, Defendant WCHA has offered Plaintiffs all of the relief they have requested, and Plaintiff has accepted Defendant's offer of that relief. Accordingly, Plaintiffs have no incentive to continue to pursue the relief sought in this matter, and denying entry of judgment on the terms offered and accepted would be contrary to the very purpose of Rule 68, in that it would require Plaintiffs to continue engaging in litigation that has become pointless, and require Defendant WCHA to continue defending a lawsuit despite having offered full relief to its opponent. Because refusing to enter judgment as offered and accepted would result in nothing but protracted litigation and unnecessary financial costs to the parties, this Court should enter the offer of judgment as presented to the court, consistent with the very purpose of Rule 68.

Moreover, whether or not Plaintiffs had accepted Defendant WCHA's offer, no justiciable controversy remains when a defendant tenders an offer of judgment under Rule 68 encompassing all the relief a plaintiff could potentially recover at trial. *Rand v. Monsanto Co.,* 926 F.2d 596,598(7th Cir. 1991). That is, an offer of complete relief will generally moot a claim. Here, Defendant WCHA offered judgment as to all relief sought by Plaintiffs in their Complaint, with the offer copying the language of the prayer for relief contained in the Complaint. As such, this

Court must enter judgment consistent with the offer, as no justiciable controversy would remain between the parties for this Court to decide, and the entire case between Plaintiffs and WCHA is now moot.

### B. This Court May Also Enter Judgment as to All Terms of the Offer Without Issuing a Ruling on the Constitutionality of the Lease Provisions

In the alternative, given the court's concerns regarding setting precedent by entering the agreed upon terms of the Offer of Judgment as, this Court is within its rights to enter judgment on all terms, but indicate that no judgment is issued as to the constitutionality of the lease provisions. Such an order would be consistent with principles endorsed by the Seventh Circuit in prior cases.

First, entry of judgment as to all relief sought, absent a finding regarding the constitutionality of the provisions, would be supported by the holding in *Chathas v. Local 134 IBEW,* 233 F.3d 508 (7th Cir. 2000). In *Chathas*, the plaintiffs obtained a preliminary injunction against the defendants for certain relief, but subsequently rejected an offer of judgment from defendants to make the preliminary injunction permanent. Plaintiffs rejected the offer because they were interested in a having the court enter a finding regarding liability, and the offer of judgment specified that the offer was not to be construed as an admission of liability. Thereafter, having failed to have their offer accepted, the defendants moved to make the preliminary injunction permanent, thereby giving Plaintiffs all relief sought other than the admission of liability. The district court entered judgment in favor of the defendants. The plaintiffs appealed, arguing that not all relief sought had been obtained, given that they had also sought a finding regarding illegality of the defendants' conduct. In reviewing the district court's ruling, the Seventh Circuit indicated that "if the defendant had thus thrown in the towel there is nothing left for the district court to do except enter judgment. The absence of a controversy in the constitutional sense

precludes the court from issuing an opinion on whether the defendant actually violated the law. Such an opinion would be merely an advisory opinion, having no tangible, demonstrable consequence, and is prohibited." *Chathas,* 233 F.3d at 512.  Although Defendant WCHA has not moved for an injunction, as in *Chathas,* the principles involved are analogous, and would support entry of Defendant WCHA's offer of judgment. Here, Defendant WCHA has "thrown in the towel" by offering Plaintiffs all relief sought in the Complaint by way of the offer of judgment. Given that Defendant has taken such action, it would be within the right to this Court to enter judgment on all terms other than the declaratory judgment of unconstitutionality, given that the latter would amount to no more than an advisory opinion, and would be accordingly be prohibited as discussed in *Chathas.*  Therefore, under the principles set forth in *Chathas*, it would be within the rights of this Court to enter judgment on the Rule 68 offer and acceptance, but to exclude the declaratory judgment as to the constitutionality of the lease provisions, based on the fact that such a judgment would constitute an advisory opinion.

Entering judgment absent a finding as to the constitutionality of the lease provisions would also be supported by the facts of another Seventh Circuit case, *Alliance to End Repression v. City of Chicago*, 820 F.2d 873(7th Cir. 1987), which is cited in the *Chathas* opinion. In the *Alliance* case,  the Court held that there was no justiciable controversy left for the court to decide after an injunction was obtained, and defendant made a settlement offer as to the monetary damages the parties agreed were sought in the complaint. Despite having been offered all injunctive and monetary relief they sought, the *Alliance* plaintiffs  indicated they nonetheless wished to proceed to trial so that they could obtain a favorable precedential judgment. The court rejected this position, finding that the effort to obtain a judgment establishing favorable precedent to future litigants was not sufficient to keep a lawsuit alive. *Id.* at 875-876. Although

5

*Alliance* was in a different procedural posture at the time, the principles from the case should be applied to whether this Court should enter judgment pursuant to all terms of the Rule 68 offer. As in the *Alliance* case, Defendant WCHA has offered all relief sought by Plaintiffs in their Complaint, as well as reasonable costs and fees through the date of the offer. The only issue this Court has indicated is a concern for it would be the declaratory judgment, on the basis that it may create precedent without the court having the benefit of a complete hearing on the issues. Upon information and belief, as in *Alliance,* one of Plaintiffs' primary objectives in pursuing this lawsuit is to obtain a precedential judgment which may be used to support others in future litigation. However, as in *Alliance,* that desire for a precedential opinion or judgment as to the constitutionality of the subject provisions cannot keep this case alive. Accordingly, in the event that this Court finds it cannot enter judgment on all terms offered, it should still enter judgment on all bases other than the declaratory judgment, and find that the remaining request for declaratory judgment is insufficient to confer this Court with Article III standing, given that there is no longer any live dispute between the parties.  As set forth above, such an order would be consistent with Seventh Circuit case law on this issue, and would provide Plaintiffs with all tangible relief other than precedential value that it seeks in this litigation.  Defendant WCHA accordingly requests that this Court enters judgment to the extent it deems appropriate based on the Offer of Judgment and acceptance previously filed with this Court, whether or not it includes a declaratory judgment as offered.

    **C. In the alternative, this Court Should Dismiss Plaintiffs' Lawsuit Because this Controversy Between the Parties is Now Moot**

Defendant WCHA has been proceeding in good faith subsequent to the Offer of Judgment and acceptance by Plaintiffs, with the assumption that judgment on the offer would be entered by this Court.  However, in the event that this Court concludes that judgment on the

6

terms offered and accepted cannot be entered, it is Defendant's position that this Court should dismiss this matter based on a lack of subject matter jurisdiction, pursuant to Rule 12(b)(1). If a controversy is moot, the court lacks subject matter jurisdiction over the action, and dismissal is appropriate under Rule 12(b)(1). *Church of Scientology v. United States*, 506 U.S. 9, 12(1992).

Defendant WCHA filed the offer and acceptance with this court on November 28, 2012. Subsequent to filing of the offer and acceptance, and as of December 1, 2012, Defendant WCHA eliminated the provisions that form the basis of Plaintiffs' Complaint from their residential leases. Residents, including Plaintiff Winbigler, executed new leases that do not include the subject provisions, and no resident of WCHA is subject to the provisions in question anymore. Accordingly, as of early December, the entire controversy between Plaintiffs and Defendants became moot, as the provisions that formed the basis of the controversy ceased to exist. The subject lease provisions that Plaintiff seeks to have enjoined from enforcement are no longer enforced or enforceable. Because Plaintiffs limited their cause of action to the lease provisions in question, which no longer exist, no controversy exists between the parties as of this date, this entire lawsuit is moot, and it should be dismissed by this Court for lack of subject matter jurisdiction.

This is an issue not previously raised by Defendant WCHA because they wished to proceed in good faith based on the offer and acceptance agreed upon between the parties prior to the date the provisions were eliminated, and the new leases took effect.  However, should this Court find that judgment on the terms of the offer cannot be entered, it is Defendant's position that this entire lawsuit should be dismissed for lack of subject matter jurisdiction, given that there is no longer any controversy between the parties, as set forth above.

WHEREFORE, Defendant, WARREN COUNTY HOUSING AUTHORITY, moves this Court for entry of judgment pursuant to the Rule 68 Offer of Judgment and acceptance or, in the alternative, for dismissal of Plaintiffs' lawsuit pursuant to Rule 12(b)(1), based on mootness of all claims, and for all other relief that this Court deems just and proper.

Respectfully submitted,

**WARREN COUNTY HOUSING AUTHORITY**

By:   /s/ Allie M. Burnet_____
      One of its attorneys

Lori Vanderlaan #6230432
Allie Burnet #6277204
Carrie Linden #6280477
**Best, Vanderlaan & Harrington**
25 E. Washington Street, Suite 210
Chicago, IL 60602
312-819-1100 (t)
312-819-8062 (f)

## CERTIFICATE OF SERVICE

I, the undersigned, state that I caused to be served on all attorneys of record the foregoing, with attachments and/or enclosures referred to therein, if any, by process of this Court's electronic filing system, to counsel at the address(es) of record, on the 12th day of March, 2013.

   /s/ Allie M. Burnet_____