UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| RONALD G. WINBIGLER and SECOND AMENDMENT FOUNDATION, INC., <br><br>　　　　Plaintiffs, <br><br>v. <br><br>WARREN COUNTY HOUSING AUTHORITY and TERESA GREENSTREET, in her official capacity as Executive Director of the Warren County Housing Authority, <br><br>　　　　Defendants. | Case No. 4:12-cv-4032-SLD-JAG |

ORDER

The parties have resolved the dispute between them but still managed to make entering judgment a thorny issue. The Court finds itself stuck between precedent requiring it to enter judgment on the terms found in an accepted Rule 68 Offer of Judgment and precedent forbidding the Court from issuing an advisory opinion.

Defendant Warren County Housing Authority ("WCHA") served Plaintiffs with a Rule 68 Offer of Judgment, which Plaintiffs accepted. *See* Fed. R. Civ. Pro. 68(a). Normally, "Rule 68 operates automatically, requiring that the clerk 'shall enter judgment' upon the filing of an offer, notice of acceptance and proof of service…. [T]he district court has no discretion to alter or modify the parties' agreement." *Webb v. James*, 147 F.3d 617, 621 (7th Cir. 1998). The trick here is that in addition to asking the Court to award a monetary sum and enjoin certain behavior, a term in the Offer of Judgment asks the Court to declare certain lease provisions unconstitutional. *See* Notice of Acceptance at 1(a), ECF No. 12. The Court is unwilling to

1

declare lease provisions unconstitutional simply because the parties agree upon their unconstitutionality.

The Court held a hearing to express its concerns with entering judgment pursuant to the terms of the Offer of Judgment. *See* 2/19/2013 Minute Entry. In response, the parties opted to each file a memorandum in support of entering judgment as is. Having considered the parties' positions, the Court will now rule on their Motion for Entry of Judgment Pursuant to Rule 68. ECF No. 14.

## BACKGROUND

Plaintiffs allege that two terms found in WCHA's former lease violate the Second Amendment. I say "former" lease because WCHA represents that the disputed lease provisions have since been removed. *See* WCHA's Memorandum in Support of Motion for Entry of Judgment at 7, ECF No. 15 ("[A]s of December 1, 2012, Defendant WCHA eliminated the provisions that form the basis of Plaintiffs' Complaint…."); Plaintiffs' Memorandum in Support of Motion for Entry of Judgment at 6, ECF No. 16 (acknowledging that WCHA amended its lease). The disputed terms related to tenants' ability to possess and use firearms in their government-subsidized homes.

Plaintiffs' Complaint seeks the following relief: a declaratory judgment, injunctive relief, "relief as provided by statute and common law," attorney's fees and costs, and other such relief that the Court deems proper. Complaint at 7-8, ECF No. 1. Before the Court took any action on the merits, Defendant WCHA offered Plaintiffs all of their requested relief, with the possible exception of the unspecified "statutory," "common law," and "other" relief. The specific terms of the Rule 68 Offer of Judgment include the following:

> 1. Defendant, Warren County Housing Authority ("Defendant"), offers to allow judgment to be taken against it in this action, pursuant to the following terms:

2

a. That this Court enter a declaratory judgment that the lease provision prohibiting lawful possession of firearms, at issue in Plaintiffs' Complaint and attached hereto as Exhibit A, is unenforceable pursuant to the Second and Fourteenth Amendments to the United States Constitution; and

b. That this Court permanently enjoins and restrains Defendant from enforcing the lease provision prohibiting lawful possession of firearms, which is at issue in Plaintiffs' Complaint, and attached hereto as Exhibit A.

c. That this Court find that any order entered consistent with the offer set forth herein only pertains to the lease provision at issue in Plaintiff's Complaint and is not controlling nor dispositive as to any future lease provision that Defendant may implement concerning possession of firearms or other weapons on or about its property including individual residences.

2. In addition to the terms of judgment offered above, Defendant offers all reasonable attorney's fees and costs incurred by Plaintiffs, Second Amendment Foundation, Inc., and Ronald G. Winbigler, through the date of this Offer, with said fees and costs to be determined by Order of the Court.

Notice of Acceptance at 1-2, ECF No. 12.  Naturally, Plaintiffs accepted WCHA's full surrender.

WCHA filed the Offer of Judgment and Plaintiffs' acceptance.  ECF No. 12.  Then the parties jointly moved the Court to enter judgment pursuant to Rule 68.  ECF No. 14.[1]

## DISCUSSION

**I.   Rule 68**

Federal Rule of Civil Procedure 68 provides in part:

(a) Making an Offer; Judgment on an Accepted Offer. At least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued. If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment.

---

[1] Defendant Greenstreet joined in the motion for entry of judgment pursuant to Rule 68, though she was not a party to the Offer of Judgment.  At the February 19, 2013 hearing, defense counsel (who is the same for both Defendants) explained that Greenstreet mistakenly joined the motion.

3

Because Rule 68 states that "[t]he clerk must then enter judgment," the Seventh Circuit explains that "the court has no discretion to alter or modify the parties' agreement." *Id.* at *3 (citing *Webb v. James*, 147 F.3d 617, 621 (7th Cir. 1998)).

The purpose of Rule 68 is to "encourage settlement and to discourage protracted litigation." *Sanchez v. Prudential Pizza, Inc.*, No. 12-2208, 2013 U.S. App. LEXIS 4367, at *4 (7th Cir. March 4, 2013) (citing *Marek v. Chesny*, 473 U.S. 1, 5 (1985)).  Rule 68 encourages settlement because if a plaintiff who rejects a Rule 68 Offer of Judgment later prevails, but fails to obtain a judgment more favorable than the unaccepted offer, she is required to pay costs incurred after the offer was made.  Fed. R. Civ. Pro. 68(c).  Basically, Rule 68 is designed to encourage the parties to think reasonably about the value of their case.  And although Rule 68 Offers of Judgment are found more commonly in cases involving monetary damages, nothing in the rule forbids its use in cases seeking injunctive relief.  *Chathas v. Local 134 IBEW*, 233 F.3d 508, 511 (7th Cir. 2000).

Against this backdrop, the Court will consider its options.

**II.     Option 1: Enter Judgment Declaring Lease Provision Unconstitutional**

Seventh Circuit precedent seems to require the Court to simply enter judgment on the terms of the Rule 68 Offer of Judgment.  *See, e.g., Webb v. James*, 147 F.3d 617, 621 (7th Cir. 1998) ("Because of this mandatory directive [of Rule 68], the district court has no discretion to alter or modify the parties' agreement…. Once the acceptance has been properly filed, judgment must be entered.").  The underlying policy behind Rule 68 also seems to counsel towards entering judgment as written.  Not tinkering with the Offer of Judgment may help Rule 68 serve as a settlement tool in future cases because a plaintiff can be assured that once she accepts a Rule 68 Offer of Judgment, the Court will enter judgment on those terms, not something different.

On the other hand, WCHA consented to an injunction prohibiting enforcement of the disputed lease provisions.  How can the Court declare the disputed lease provisions unconstitutional when the parties have not presented the Court with a case or controversy to decide?  A declaration that does not resolve a case or controversy is called an advisory opinion; federal district courts cannot issue advisory opinions.  *See Preiser v. Newkirk*, 422 U.S. 395, 401 (1975); *Ill. ex. Rel. Barra v. Archer Daniels Midland Co.*, 704 F.2d 935, 941-42 (7th Cir. 1983). So although binding precedent forbids the Court from altering the terms of a Rule 68 Offer of Judgment, see *Webb*, 147 F.3d at 621, binding precedent also forbids the Court from issuing an advisory opinion, see *Newkirk*, 422 U.S. at 401.  As such, the Court is not satisfied that it even has the ability to enter judgment pursuant to the terms of WCHA's Offer of Judgment.

Setting aside whether the Court has the ability to enter judgment as written, the Court finds it troubling that a court could enter a judgment that declares something unconstitutional when the court never had the opportunity to analyze the issue.  In other situations, courts can enter judgment without analyzing the underlying claim.  For example, one way to conceptualize a Rule 68 Offer of Judgment is by analogizing it to a consent judgment.  *See Fafel v. DiPaola*, 399 F.3d 403, 413 (1st Cir. 2005); *Blair v. Shanahan*, 38 F.3d 1514, 1516, 1521 (9th Cir. 1994); *Mock v. T.G. & Y. Stores Co.*, 971 F.2d 522, 527 (10th Cir. 1992); *Mallory v. Eyrich*, 922 F.2d 1273, 1280 (6th Cir. 1991).  It is true that when entering consent judgments, courts do not normally analyze the underlying substantive issues.  In thinking about a judgment pursuant to Rule 68 as a consent judgment, it makes sense to say a party can consent to pay money damages or consent to change its behavior (injunctive relief), but can a party consent to the constitutionality of something?  Perhaps a party can, but asking the Court to join in that assessment is a different story.  Without wrestling with the issue itself, the Court cannot give the

5

weight of its authority to the parties' opinion regarding the disputed lease terms. Doing so could quickly lead to mischief. For example, a motivated group could file a complaint against a confederate, followed by an accepted Rule 68 Offer of Judgment with a term calling for a declaration that eating meat is unconstitutional. This group could do the same thing in every district court in the country and then proclaim "every district court in the country has entered a judgment declaring eating meat unconstitutional." Although misleading, such a statement would technically be true. Or, to bring the example back to this case, the Plaintiffs could truthfully assert that this Court entered a judgment declaring the disputed lease provisions unconstitutional. Of course, a lawyer who examines the record in this case could figure out what happened and give the Plaintiffs' assertion appropriate weight. But not everyone has access to the record and untrained persons may not be able to appreciate the significance of the Court's declaration stemming from the Rule 68 Offer of Judgment. As such, the Court worries about the potential ramifications if it accepts the parties' position.

Arguably, the Court could enter judgment as stipulated in the Offer of Judgment, thereby declaring the lease provisions unconstitutional, and then follow it with an explicit statement that the Court's declaration is not to be taken as a declaration from the Court. Such a judgment might adhere to case law stripping district courts of the ability to alter the terms of the Offer of Judgment while also alleviating the Court's concern about making constitutional declarations without first analyzing the issue itself. But even setting aside the fact that saying the Court's declaration is not a declaration from the Court is nonsensical, what would be the point? Doing so would thwart the parties' stipulation that the Court declare the disputed lease provision unconstitutional in exactly the same way as the Court refusing to make the declaration in the first place.

On balance, the Court finds that option 1—entering judgment on the exact terms found in WCHA's Offer of Judgment—is not the best route.

### III.   Option 2: Strike the Offer of Judgment

Citing the concerns above, the Court could find the offending term invalid and strike the entire Offer of Judgment. In fact, this Court has previously held that an Offer of Judgment cannot be partially valid; it is either entirely proper or entirely invalid. *See Bentley v. Bolger*, 110 F.R.D. 108, 113 (C.D. Ill. 1987). If the Court strikes the Offer of Judgment, it cannot then enter judgment on the terms that the parties stipulated. And there would be nothing left to litigate because WCHA threw in the towel. WCHA suggests in its brief that the Court could then simply dismiss the case as moot.

Option 2 is problematic for several reasons. First, it is not clear that the Court could dismiss the case. Plaintiffs sued two defendants: WCHA and Greenstreet. Greenstreet was not a party to the Rule 68 Offer of Judgment. Plaintiffs may still have a case against Greenstreet—although that is highly unlikely based on the representations made in the briefing. Nonetheless, the Court is hesitant to conclude that outright dismissal would be appropriate on this record.

Second, as suggested to above, WCHA offered Plaintiffs everything they asked for in their Complaint, "with the possible exception" of certain unspecified damages. Though Plaintiffs did not raise this issue in their brief, those "possible exceptions" may save the case from being moot (or they may not—that issue is not before the Court, so it does not consider it now). Again, it appears the parties have totally resolved their dispute, but the Court is hesitant to sweep those "possible exceptions" under the rug by dismissing the case.

Third, the Court is unaware of any precedent that allows it to *sua sponte* reject an invalid Rule 68 Offer of Judgment. In this case, not only did neither party move the Court to reject the Offer of Judgment, but both Plaintiffs and WCHA affirmatively argue that the Offer of Judgment

7

is valid. Without any precedent to rely on, the Court declines to frustrate the parties' meeting of the minds on injunctive and monetary relief.

Finally, the Court is persuaded that striking the Rule 68 Offer of Judgment would be unfair to Plaintiffs. WCHA drafted the Offer of Judgment with the offending term. Plaintiffs did nothing wrong here. They only accepted the Offer of Judgment. By choosing Option 2, the Court would likely be robbing Plaintiffs of fees, costs, and an injunction that WCHA offered and Plaintiffs accepted. If the Court simply strikes the Offer of Judgment, Plaintiffs may be encouraged to continue litigating the case in order to "win back" the fees, costs, and injunction that WCHA already offered. Encouraging parties that have resolved their differences to continue in protracted litigation is the antithesis of Rule 68. Further, if securing a declaration from the Court was Plaintiffs' goal, striking the Offer of Judgment will not help them—WCHA is not defending the provisions so the Court is faced with no case or controversy regarding the provisions' constitutionality. In sum, striking the Offer of Proof appears to encourage protracted litigation and possibly create a windfall for WCHA, who is the party that created this conundrum in the first place.

On balance, the Court finds that option 2—striking the Offer of Judgment as invalid—is not the best route.

### IV.    Option 3: Enter Judgment Under Rule 68 But Make No Constitutional Declaration

That leaves Option 3. The Court finds it appropriate to enter judgment as defined in the Rule 68 Offer of Judgment, except that the declaratory relief will not be included. Agreements concluding litigation that comprise monetary and/or injunctive relief should be strongly encouraged. The Court will therefore enter judgment on the terms agreed upon by the parties. But for the reasons explained herein, the Court will not enter a declaratory judgment finding the disputed lease provisions unconstitutional. Because Defendant Greenstreet was not a party to the

Offer of Judgment, and because of counsel's representation that Greenstreet's inclusion in the pending motion was a mistake, judgment will be entered against WCHA but not Greenstreet.[2]

The Court hereby permanently enjoins and restrains Defendant WCHA from enforcing the following lease provisions:

> 5(h): The Resident, the Residents household members and household guests shall not: discharge or use firearms or fireworks, or store explosive or flammatory materials.
>
> 18(p): Any termination of this Lease shall be carried out in accordance with U.S. Department of Housing and Urban Development regulations, State and local law, and the terms of this Lease.  The Landlord shall not terminate or refuse to renew the Lease other than for serious or repeated violation of material terms of the Lease on the part of the Resident, all members of the Resident's household and all visitors/guests of the Resident such as the following: Offensive weapons or illegal drugs seized in the Landlord's unit by a law enforcement officer or to permit any member of the household, a guest, or another person under the Resident's control to use, possess or have control over firearms (this includes keeping firearms on one's body, in the dwelling unit, or in a vehicle which the Resident or a member of the Resident's household as the use of or access to. Firearms are defined as any devices which will propel a projectile with sufficient force to injure, kill, or damage property regardless of whether it does so with an explosive charge, compressed gas, or by other means).

This Order only pertains to the specific lease provisions above and is neither controlling nor dispositive as to any future lease provision that Defendant WCHA may implement concerning possession of firearms or other weapons on or about its property including individual residences.

The Court further orders WCHA and the Plaintiffs to meet and confer regarding reasonable attorney's fees and costs.  WCHA and the Plaintiffs are encouraged to settle the matter themselves and file a notice with the Court once they do so.  If WCHA and Plaintiffs

---

[2] Pursuant to Federal Rule of Civil Procedure 54(b), the Court finds entering judgment against WCHA but not Greenstreet is appropriate and that no just reason for delay exists.

cannot settle the matter themselves, they may file an appropriate motion and memorandum with the Court.

## CONCLUSION

WCHA's and Plaintiffs' Agreed Motion for Entry of Judgment Pursuant to Rule 68, ECF No. 14, is GRANTED to the following extent: the Clerk is directed to enter judgment for Plaintiffs and against Defendant Warren County Housing Authority. The judgment shall state that Defendant WCHA is permanently enjoined from engaging in the activities described in this Order. The judgment shall further state that Plaintiffs are awarded reasonable attorney's fees and costs incurred by Plaintiffs in an amount to be determined by the parties, or alternatively, by the Court.

Entered this 1st day of May, 2013.

s/ Sara Darrow<br>
SARA DARROW<br>
UNITED STATES DISTRICT JUDGE